UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. |
| | : | 3:04-CR-0138 (JCH) |
| v. | : | |
| | : | |
| TYRELL DORSEY | : | |
| | : | MARCH 31, 2010 |

**RULING RE: DEFENDANT'S MOTION FOR CLARIFICATION OF SENTENCE**
**(Doc. No. 2500)**

On December 16, 2009, Tyrell Dorsey was sentenced to a period of incarceration of 16 months for a violation of supervised release. On March 10, 2010, the court received a letter from Dorsey. This letter was docketed as a Motion for Clarification of Sentence. See Mot. for Clarification of Sentence (Doc. No. 2500). In his Motion, Dorsey argued that the court's sentence was unclear and ambiguous. See Mot. for Clarification. Although his argument is not entirely clear, it appears that Dorsey is arguing that the use of the word "intentions" when the court imposed its sentence made it ambiguous as to whether his federal sentence would run concurrently or consecutively to Dorsey's state sentence. See id. Dorsey argues that the rule of lenity requires that this ambiguity be resolved in favor of the defendant. See id.

The rule of lenity provides that, where there is ambiguity in a criminal statute or the Sentencing Guidelines, doubts are resolved in favor of the defendant. See U.S. v. Simpson, 319 F.3d 81, 86 (2d Cir. 2002). It does not apply to the statements of a judge. However, even if the rule of lenity did apply to such statements, it would be inapplicable in this case because the challenged statement is not ambiguous. See U.S. v. Hayes, 129 S. Ct. 1079, 1088-1089 (2009).

At Dorsey's sentencing, his counsel argued that his federal sentence should be

concurrent to his upcoming state sentence. However, when imposing this court's sentence, the undersigned stated: "It is the sentence of this court to impose upon you a period of incarceration of 16 months. It's my intention that it is consecutive to, and independent of, any sentence of the State Court to the extent that I can have any impact upon that." See Transcript of Proceedings Held Dec. 16, 2009 ("Tr.") at 25:13-17. In context, there is no ambiguity to that statement.

Dorsey argues that the use of the word "intention" suggests that this hides "what your true (intention) are and were." See Mot. for Clarification. However, the above statement is explicit about the undersigned's intentions – that Dorsey's sentence is to be consecutive to his state sentence. During the sentencing, the court stated that the sentence was to be consecutive, and the Judgment was entered for a consecutive sentence. This is clear and unambiguous.

Additionally, Dorsey argues that his sentence included double counting – that is, an application of a sentence enhancement for harm that was already accounted for in another part of his Guidelines calculation. See Mot. for Clarification. Dorsey appears to be arguing that he should receive credit for his time spent in federal custody for his state sentence. However, this court was clear that Dorsey's federal sentence was not for his underlying state conviction, but for the separate offense of his violation of federal supervised release, stating, "I think my responsibility today, here, is to impose a sentence that addresses the violations, not the underlying conviction. The State Court has already done that." See Tr. at 19:22-25. Therefore, there is no double-counting, and no ambiguity in this court's imposition of Dorsey's sentence.

For the reasons stated above, Dorsey's Motion for Clarification of Sentence is

**DENIED**, because the sentence as imposed was already clear and unambiguous.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 31st day of March, 2010.

    /s/ Janet C. Hall
Janet C.  Hall
United States District Judge